EXHIBIT "D"

**Cancel**   **Help**

## Civil Case Inquiry

| General | Parties | Pleadings | Docket | Fees | Issuances | Employers | Children | AG | Activity | Accts | Property | Jdg Docket |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

## Pleadings

96376

### Pleadings History

| Sel | # | Date | Code | Description | Party | Qty | Vol/Pge | Img | Remarks | Amount | User | AG | View |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ○ | 1 | 06/21/2017 | O/P/CV | ORIGINAL PETI | Plaintiff ▼ | 1 | | | PET-PETITION I | 267.00 | MHIND | | View |
| ○ | 2 | 06/21/2017 | PC | COPIES | Plaintiff ▼ | 22 | | | | 22.00 | MHIND | | View |
| ○ | 3 | 06/21/2017 | JURY/I | JURY REQUES' | Plaintiff ▼ | 1 | | | | 40.00 | MHIND | | View |
| ○ | 4 | 06/21/2017 | CIT/CN | CITATION SENT | Plaintiff ▼ | 1 | | | LIBERTY MUTU | 98.00 | MHIND | | View |
| ○ | 5 | 06/21/2017 | REQ | REQUEST | Plaintiff ▼ | 1 | | | E-FILING REQU | 0.00 | MHIND | | View |
| ○ | 6 | 06/21/2017 | EFILE | E-FILE SERVICI | Plaintiff ▼ | 1 | | | | 2.00 | MHIND | | View |
| ○ | 7 | 06/22/2017 | REC | RECEIPT ISSUE | Plaintiff ▼ | | | | 401932 | 429.00 | MHIND | | View |
| ○ | 8 | 07/14/2017 | JURY/I | JURY REQUES' | Defendant ▼ | 1 | | | | 40.00 | MREEI | | View |
| ○ | 9 | 07/14/2017 | ARC | ANSWER/RESP | Defendant ▼ | 1 | | | DEFENDANT'S | | MREEI | | View |
| ○ | 10 | 07/14/2017 | EFILE | E-FILE SERVICI | Defendant ▼ | 1 | | | | 2.00 | MREEI | | View |
| ○ | 11 | 07/17/2017 | REC | RECEIPT ISSUE | Defendant ▼ | | | | 403461 | 42.00 | MREEI | | View |
| ○ | 12 | | | | ▼ | | | | | | | | View |
| ○ | 13 | | | | ▼ | | | | | | | | View |
| ○ | 14 | | | | ▼ | | | | | | | | View |
| ○ | 15 | | | | ▼ | | | | | | | | View |

|◄◄ | ◄ | ► | ►► | Go To | 11 | of 11 Lines |

| Plaintiff Total | Defendant Total | Intervenor Total | Movant Total | Respondent Total | Cross Complainant Total | Third Party Total |
|---|---|---|---|---|---|---|
| 0.00 | 0.00 | | | | | |

Filed 6/21/2017 5:04 PM
Melanie Reed
District Clerk
Ellis County, Texas



CAUSE NO. 96376 _____

| | | |
|---|---|---|
| ERVIN GLASPY | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | ELLIS COUNTY, TEXAS |
| | § | Ellis County - 40th District Court |
| LIBERTY MUTUAL INSURANCE | § | |
| *Defendant* | § | _____ JUDICIAL DISTRICT |
| | § | |

## PLAINTIFF ERVIN GLASPY'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW,** Ervin Glaspy, (hereinafter referred to as "Plaintiff"), complaining of Liberty Mutual Insurance, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief of over $100,000.00.

### PARTIES

2. Plaintiff is an individual residing in Ellis County, Texas.

3. Liberty Mutual Insurance is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of service,

Corporation Service Company, located at the following address: 211 East 7th Street, Suite 620, Austin,

Texas 78701-3218.

## JURISDICTION

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the

jurisdictional limits of the Court.

5. The Court has jurisdiction over Defendant Liberty Mutual Insurance because Defendant is a foreign

insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes

of action arise out of Defendant's business activities in the State of Texas. Specifically, Liberty Mutual

Insurance sought out and marketed for insurance in Texas and has "purposefully availed" itself of the

privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-

61 (Tex. 2010).

## VENUE

6. Venue is proper in Ellis County, Texas, because the Property is situated in Ellis County, Texas. TEX.

CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7. Plaintiff purchased a policy from Defendant Liberty Mutual Insurance, (hereinafter referred to as "the

Policy"), which was in effect at the time of loss.

8. The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which

is located at 6405 Ensign Rd., Ennis, Texas 75119.

9. Defendant Liberty Mutual Insurance and/or its agent sold the Policy insuring the Property to Plaintiff.

---

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because he is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about January 02, 2017, Plaintiff experienced a severe weatherrelated event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant Liberty Mutual Insurance. Plaintiff subsequently opened a claim on January 30, 2017 and Defendant Liberty Mutual Insurance assigned an adjuster to adjust the claim.

12. On or about February 2, 2017, Chris Wheeler, on behalf of Defendant, inspected the property in question. The storm caused significant damage to the roof, including pitting and loss of granules to the shingles. The hail pitting damage bruised the shingles, while removing and crushing the granules. Additionally, wind damage uplifted and removed shingles.

13. Mr. Wheeler's unreasonable investigation of the claim included a failure to comply with Defendant's policies and procedures concerning roof inspections and when to replace or repair a roof. The roof required full replacement under Defendant's policies and procedures including repairs to the roof jack, drip edge, and other structural parts of the roof. Mr. Wheeler performed an unreasonable investigation by failing to document all the damage to the roof. Mr. Wheeler did not conduct a thorough roof inspection and only allowed the minimum cost to repair the roof. As a result of Mr. Wheeler's unreasonable and brief investigation, Plaintiff was wrongly denied the full cost to replace the roof.

14. Thereafter, Defendant Liberty Mutual Insurance wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

15. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

16. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property. This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition. These necessary items are covered and required under the International Building Code and/or International Residential Code, as adopted by the State of Texas in 2001.

17. In addition, the Occupational Safety and Health Administration ("OSHA") dictates, when working on buildings with "unprotected sides and edges" that "each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8m) or more above a lower level *SHALL* be protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems." Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis added). This protection was intentionally not included or reflected within the scope of work provided by

Defendant for Plaintiff's damages to the Property as an attempt to further deny Plaintiff benefits owed under the Policy.

18. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

19. Defendant's assigned adjuster acted as an authorized agent of Defendant Liberty Mutual Insurance. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant Liberty Mutual Insurance. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

20. Defendant Liberty Mutual Insurance failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

21. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the Policy with the belief that the Property would be covered after a severe weather event such as the one that damaged the Property.

---

22. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

23. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## AGENCY

24. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

25. All acts by Defendant Liberty Mutual Insurance were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant Liberty Mutual Insurance and/or were completed in its normal and routine course and scope of employment.

26. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

27. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent,

broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added);

*see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding

an insurance company employee to be a person for the purpose of bringing a cause of action against them

under the Texas Insurance Code and subjecting them to individual liability).

## NEGLIGENCE

28. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing

paragraphs.

29. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage.

Defendant did not properly adjust the claim and misinformed Plaintiff of the severity of the Property

damage. Defendant had and owed a duty to ensure that the Property damage was properly adjusted.

Nevertheless, Defendant failed to ensure that Plaintiff's damage was properly adjusted. This failure is a

clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

30. Defendant Liberty Mutual Insurance and its assigned adjuster had and owed a legal duty to Plaintiff to

properly adjust all losses associated with the Property. Defendant, individually and through its assigned

adjuster, breached this duty in a number of ways, including, but not limited to, the following:

    A. Defendant, individually and through its assigned adjuster, was to exercise due care in

       adjusting and paying policy proceeds regarding the Property;

    B. Defendant, individually and through its assigned adjuster, had a duty to competently and

       completely handle and pay all covered losses associated with the Property;

C. Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages; and,

D. Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## BREACH OF CONTRACT

31. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

32. Defendant Liberty Mutual Insurance's conduct constitutes a breach of the insurance contract made between Defendant Liberty Mutual Insurance and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant Liberty Mutual Insurance had the absolute duty to investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

33. As a result of the storm-related event, Plaintiff suffered extreme weather related damages. Despite objective evidence of weather related damages provided by Plaintiff and his representatives, Defendant Liberty Mutual Insurance breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event. As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

34. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

35. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

    A.  Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

    B.  Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction (§ 17.46(b)(14));

    C.  Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (§ 17.46(b)(24));

    D.  Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

    E.  Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

    F.  Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

    G.  Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely

underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

36. As described in this Original Petition, Defendant Liberty Mutual Insurance represented to Plaintiff that his Policy and Liberty Mutual Insurance's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

37. As described in this Original Petition, Defendant Liberty Mutual Insurance represented to Plaintiff that his Policy and Liberty Mutual Insurance's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

38. By Defendant Liberty Mutual Insurance representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

39. Defendant Liberty Mutual Insurance has breached an express warranty that the damage caused by the storm-related event would be covered under Policy.  This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

40. Defendant Liberty Mutual Insurance's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

41. Defendant Liberty Mutual Insurance's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

42. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant Liberty Mutual Insurance, to his detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

43. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

44. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show himself to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

45. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

46. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

A.  Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

B.  Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

C.  Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

D.  Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

E.  Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

F.  Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

G.  Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H.  Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I.  Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J.  Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

K.  Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L.  Failing to state the reasons for rejection (§ 542.056(c));

M.  Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

N.  Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

O.  Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

47. By its acts, omissions, failures and conduct, Defendant Liberty Mutual Insurance has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of his detrimental reliance upon Defendant Liberty Mutual Insurance's unfair or deceptive acts or practices. § 541.151(2).

---

48. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant Liberty Mutual Insurance and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

49. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant Liberty Mutual Insurance's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

50. As a result of Defendant Liberty Mutual Insurance's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

51. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

52. From and after the time Plaintiff's claim was presented to Defendant Liberty Mutual Insurance, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis

whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

53. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

## KNOWLEDGE

54. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages described herein.

## DAMAGES

55. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

56. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

57. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy,

court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

58. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

59. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

60. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

61. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

62. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $200,000.00 but less than $1,000,000.00.

## ADDITIONAL DAMAGES & PENALTIES

63. Defendant's conduct was committed knowingly and intentionally.  Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative

provisions of the Texas Insurance Code. Plaintiff is clearly entitled to the 18% damages allowed under

TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

64. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas

Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

65. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests

that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day

after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

66. Plaintiff demands a jury trial, consisting of citizens residing in Ellis County, Texas, and tenders the

appropriate fee with this Original Petition.

## DISCOVERY

67. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant

respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant Liberty Mutual

Insurance, disclose all information and/or material as required by Rule 194.2, paragraphs (a) through

(l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1.   Please produce Liberty Mutual Insurance's complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2.   Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3.   Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in his attempt to secure insurance on the Property, which is the subject of this suit.

4.   Please produce the electronic diary, including the electronic and paper notes made by Liberty Mutual Insurance's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5.   Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6.   Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7.   Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9. Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Liberty Mutual Insurance intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of Liberty Mutual Insurance and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between Liberty Mutual Insurance and its assigned adjuster, and all correspondence between Liberty Mutual Insurance and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

## III. INTERROGATORIES

1. Please identify any person Liberty Mutual Insurance expects to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the

subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3. If Liberty Mutual Insurance or Liberty Mutual Insurance's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Liberty Mutual Insurance or any of Liberty Mutual Insurance's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Liberty Mutual Insurance's investigation.

5. Please state the following concerning notice of claim and timing of payment:

   a.   The date and manner in which Liberty Mutual Insurance received notice of the claim;

   b.   The date and manner in which Liberty Mutual Insurance acknowledged receipt of the claim;

   c.   The date and manner in which Liberty Mutual Insurance commenced investigation of the claim;

   d.   The date and manner in which Liberty Mutual Insurance requested from the claimant all items, statements, and forms that Liberty Mutual Insurance reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

   e.   The date and manner in which Liberty Mutual Insurance notified the claimant in writing of the acceptance or rejection of the claim.

6. Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7. Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8. When was the date Liberty Mutual Insurance anticipated litigation?

9. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Liberty Mutual Insurance's document retention policy.

10. Does Liberty Mutual Insurance contend that the insured's premises were damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

11. Does Liberty Mutual Insurance contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does Liberty Mutual Insurance contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way? If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State what performance measures are used and describe Liberty Mutual Insurance's bonus or incentive plan for adjusters.

## CONCLUSION

68. Plaintiff prays that judgment be entered against Defendant Liberty Mutual Insurance and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of Defendant Liberty Mutual Insurance, and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on his behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show the himself to be justly entitled.

RESPECTFULLY SUBMITTED,

*/s/ Sean Patterson*

MCCLENNY MOSELEY & ASSOCIATES, PLLC
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Sean Patterson
State Bar No. 24073546
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Sean@mma-pllc.com

ATTORNEYS FOR PLAINTIFF

## CAUSE NO. 96376

| | | |
|---|---|---|
| ERVIN GLASPY,<br>*Plaintiff*, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | ELLIS COUNTY, TEXAS |
| LIBERTY MUTUAL INSURANCE,<br>*Defendant.* | §<br>§<br>§<br>§<br>§ | 40TH JUDICIAL DISTRICT |

### DEFENDANT'S ORIGINAL ANSWER AND JURY DEMAND

COMES NOW, Defendant LIBERTY MUTUAL INSURANCE ("Defendant"), and file its Original Answer and Jury Demand Subject Thereto and, in support thereof, would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

Defendant generally denies each and every allegation set forth in Plaintiff's Original Petition and demands proof of such allegations by a preponderance of the credible evidence as provided by the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### AFFIRMATIVE DEFENSES

Without waiving the generality of the foregoing, to the extent required by law, Defendant asserts the following affirmative defenses:

A.     Defendant states that any award of punitive or exemplary damages as claimed by Plaintiff would be arbitrary, unreasonable, excessive and in violation of Defendant's right to due process of law, equal protection of law, and guarantee against double jeopardy under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 13 and 19

---

of the Texas Constitution. No punitive damages should be imposed in this case unless the Plaintiff is able to prove a case for such by clear and convincing evidence or beyond a reasonable doubt. Failure to include a higher burden of proof other than by "a preponderance of the evidence" in connection with assessing a fine in the nature of punitive damages constitutes deprivation of property without due process contrary to the Fourteenth Amendment of the United States Constitution and contrary to the Due Process Clause of the Texas Constitution. Defendant further shows that Plaintiff's pleadings in this case and current Texas case law for determining the amount of any potential award of punitive damages is unconstitutionally vague under the Due Process Clause of the United States and Texas Constitutions. Current Texas law does not give a jury adequate standards by which to determine the amount of punitive damages.

B.      Defendant specifically pleads the limitation provisions of Section 41.007 of the Texas Civil Practice & Remedies Code setting a limitation of any award of punitive damages.

C.      Defendant states that mental anguish damages are not recoverable for violations of the DTPA and Texas Insurance Code absent a finding of a knowing violation. Defendant strenuously denies any violation of any statutory or common law duty. In the unlikely event that the jury disagrees, any such violation was now knowingly committed.

D.      Further, Defendant pleads that, among other policy provisions cited in Defendant's Partial Denial coverage letter sent to Plaintiff, specifically, there are certain policy exclusions which apply to this reported hail loss including exclusions for wear/tear, continuous/repeated seepage/leakage of water and construction related defects as well as subsequent occurrence issues.

E.      Any actual damages sustained by Plaintiff, which are vigorously denied, must be limited by the amounts set forth in the policy limitations provisions of this commercial policy.

**DEFENDANT'S ORIGINAL ANSWER AND JURY DEMAND - Page 2**

F.      Defendant seeks all credits and offsets for any payments which have been made.

G.      In the alternative, Defendant states that the alleged damages to the subject commercial structure, if any, were the result of concurrent causes and that Defendant is only liable for that portion of the damages covered by the policy and occurring during the policy period.

H.      Defendant contends that Plaintiff failed to mitigate his damages, if any, and that Defendant is not responsible for any damages which could have been avoided through the exercise of reasonable diligence on the part of Plaintiff.

### III.
### JURY DEMAND

Defendant requests a jury trial and is tendering the appropriate fee.

### IV.
### PRAYER

For these reasons, Defendant requests that Plaintiff recover nothing through this suit and that Defendant recovers costs of court and for such other relief to which Defendant is justly entitled.

Respectfully submitted,

LAW OFFICES OF DAVID L. CHUMBLEY, P.C.

By: _____
David L. Chumbley
State Bar No. 24032069

400 Chisholm Place, Suite 101
Plano, Texas 75075
Telephone: (972) 516-8808
Telecopy: (972) 516-8819
Email: davidchumbleypc@gmail.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument was duly served pursuant to the TEXAS RULES OF CIVIL PROCEDURE *via facsimile* on the following counsel of record on this ____ day of July, 2017.

James McClenny
J. Zachary Moseley
Sean Patterson
McClenny Moseley & Associates, PLLC
411 N. Sam Houston Parkway E
Suite 200
Houston, Texas 77060

_____
David L. Chumbley